In the matter of the trust established by RUDOLPH C. MELOSH.

JOHN J. HANLON, JR., substituted trustee and RUDOLPH C. MELOSH, settlor, respondents,

*v.*

HENRY JAY MELOSH, ELIZABETH F. NELSON and MILDRED E. GOODRICH, executor and executrices, respectively, of the estate of Henry J. Melosh, deceased, appellants.

[Submitted October term, 1944. Decided January 4th, 1945.]

*Mr. Louis G. Morten,* for the appellants.

*Messrs. Milton, McNulty & Augelli* (*Mr. Joseph Keane*), for the respondents.

The opinion of the court was delivered by

BODINE, J.

There is no merit whatever in this appeal and the only purpose for the action taken can be to secure delay.

Rudolph C. Melosh created a trust in his lifetime. The trustee, Henry J. Melosh, died. Under the terms of the settlement agreement, the settlor in the event of the death of the trustee reserved to himself the right to designate a new trustee. He designated John J. Hanlon as substituted trustee intending John J. Hanlon, Jr. The appeal is from an

order directing the personal representative of deceased trustee to turn over the assets of the trust estate to the trustee designated.

The objection that there was a variance between John J. Hanlon and John, Jr., is made. In *43 C. J. 372,* it is stated that where "Jr." is omitted the presumption is that the father is intended but that slight evidence will overcome it. See *Padgett* v. *Lawrence, 10 Paige 170,* and *State* v. *Lewis, 83 N. J. Law 161; affirmed, 84 N. J. Law 417,* where it was held "Sr." and "Jr." are not part of a name and presence or absence of either is immaterial. That John, Jr., was intended is clear.

Apparently there had been a breach of trust. The former trustee borrowed from the estate and also invested in 200 shares of a certain common stock. Obviously, Mr. Hanlon may not release the estate of the deceased trustee without incurring personal liability.

The proceeding was initiated by petition. Objection being made to the form, the court directed that the petition be considered a bill and that the answer filed to the petition be considered an answer to the bill. This was, of course, proper under *R. S. 2:29–13* and a challenge of such action is without merit.

The only purpose of the proceeding under review was to secure the trust property and in such a proceeding the *cestuis que trust* need not be made parties. *Smith* v. *Gaines, 39 N. J. Eq. 545; Stevens* v. *Bosch, 54 N. J. Eq. 59.*

The order appealed from is affirmed, with costs to be taxed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, PERSKIE, PORTER, COLIE, WELLS, RAFFERTY, HAGUE, THOMPSON, DILL, JJ.   13.

*For reversal*—None.